IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILLIAM A. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| vs. ) | |
| ) | 4:02-cv-79 1-3 |
| AMERICAN FAMILY LIFE ) | |
| ASSURANCE COMPANY OF COLUMBUS ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, William A. Matthews, by and through his counsel, Melville Johnson, P.C., and hereby files his Complaint for damages, as well as declaratory and equitable relief against Defendant American Family Life Assurance Company of Columbus ("AFLAC"), and states as follows:

### I. PRELIMINARY STATEMENT AND BACKGROUND

1.

Plaintiff, William A. Matthews brings this discrimination action to address violations of 42 U.S.C. §2000(e-2)(a)(1) (Title VII) and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 (Title VII). Plaintiff filed a formal charge, # 110A201466, with the Equal Employment Opportunity Commission and requested an immediate right to sue letter on February 4, 2002. Plaintiff

received an "immediate right to sue" letter from the Equal Employment Opportunity Commission on February 27, 2002. The Charge and Right to Sue Letter are attached hereto as Exhibits 1 and 2.

## II.   PARTIES

2.

Plaintiff, William A. Matthews, resides in Muscogee County, Georgia. Plaintiff is subject to the jurisdiction of this court by the bringing of this Complaint.

3.

The Defendant American Family Life Assurance Company of Columbus operates its facilities in Columbus, Georgia, where Mr. Matthews was employed. Defendant AFLAC can be served through its Registered Agent, Joey M. Loudermilk, at 1932 Wynton Road, Columbus, GA 31999.

## III.   JURISDICTION AND VENUE

4.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e-2)(a)(1) (Title VII) and 42 U.S.C. §1981. et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

5.

The jurisdiction of this Court is invoked pursuant to its original jurisdiction over federal questions (28 U.S.C. § 1331), its jurisdiction over civil rights claims (28 U.S.C. § 1343), and its jurisdiction over pendent state claims (28 U.S.C. § 1367).

6.

Venue lies in the Middle District of Georgia under 28 U.S.C. § 1391(b), and this case resides in the Columbus Division of this Court.

7.

All of the acts, omissions and events complained of herein took place within the Middle District of Georgia.

## IV. FACTUAL ALLEGATIONS

8.

William A.Matthews (hereinafter, Plaintiff or Mr. Matthews), an African-American male, was first employed by the Defendant AFLAC on August 28, 1989.

9.

Plaintiff was employed as Program Analyst II at the time of his termination by the Defendant's on January 29, 2002.

10.

Throughout his employment. Plaintiff performed his duties and

responsibilities in an exemplarily manner.

11.

At various times throughout his employment at AFLAC Plaintiff was subjected to discrimination based upon his race.

12.

On May 1, 2001, Mr. Matthews was given his first employee counseling statement which stated that he had failed to meet the requirements of his job responsibilities for alleged incidents in April 2001.

13.

Mr. Matthews was informed that a follow up meeting would be held on June 4, 2001 concerning his first employee counseling statement. However, no follow up meeting was ever held concerning Mr. Matthews first employee counseling statement. Also, prior to this date, Mr. Matthews had received good performance review reports.

14.

On May 6, 2001, Mr. Matthews filed a response with supporting documents in reference to his first employee counseling statement. The response was filed with human resources. In response to the alleged incidents that Mr. Matthews received his first employee counseling statement, Plaintiff gave a clear explanation to human

resources as to the reasons he could not perform his duties.

15.

During these alleged incidents for which Mr. Matthews was disciplined, Mr. Matthews at all times acted diligently by contacting management promptly and notifying them of the problems that restricted his ability to carry out his job responsibilities.

16.

On September 4, 2001, Mr. Matthews received an e-mail from his night manger telling him to move from his old desk, a well lit area, to a dimly lit, open area, which was an ergonomically incorrect area. Mr. Matthews was one of the few employees in his department who was moved.

17.

The area where Mr. Matthews was moved was so bad that other employees were moved from that area because of the poor conditions. Management had told Mr. Matthews that the reason for moving him was a lack of space, but the space which Mr. Matthew moved from was never occupied thereafter and was empty. Furthermore, Mr. Matthews was moved to an area that hindered his ability to perform his work duties.

18.

On October 14, 2001, Mr. Matthew's manager held a meeting that

concerned his department. In this meeting, management informed all employees that they would not be held accountable for procedural nonconformance insistencies or any other instances that occurred prior to this date.

19.

On October 19, 2001, Mr. Matthews was given a second counseling statement and a three day suspension for alleged incidents that arose on October 8, 10 and 11, 2001. Mr. Matthews received his second counseling statement despite being informed by management only a few days earlier that everybody in his department would start on a clean slate. Also, even after receiving his second counseling statement, Mr. Matthews was never given the opportunity to have a meeting with management regarding his first counseling statement.

20.

In the last week of October, 2001, after Mr. Matthews returned from his suspension, he requested a meeting with his supervisor Ms. Lillian Gallatin and his manager Mr. Ken Clifton. At this meeting Mr. Matthews provided a copy of his rebuttal and supporting documents to the alleged incidents in his second counseling statement.

21.

At this meeting Mr. Matthews requested that he be moved to an empty desk, next to the desk he used to occupy. However, even though Mr. Clifton told Ms. Gallatin to move Mr. Matthews as soon as possible, he was never moved. Also, this meeting was interrupted shortly after it began and management did not reschedule.

22.

This incident was one of a number of incidents in which Mr. Matthews was treated differently to similarly situated white employees in his department.

23.

Mr. Matthews was disciplined for less serious incidents than fellow non African American co-workers. On a number of occasions Mr. Matthews department co-workers were never disciplined for more serious procedural inconsistencies, such as walking off a shift. Thus, Mr. Matthews was singled out and treated less favorably than other similarly situated non-African-American employees in his department.

24.

On January 1, 2002, Mr. Matthew's was involved in a serious car accident and did not return to work until January 24, 2001.

25.

On his return to work Mr. Matthews was advised by his doctor to return to light duty because he was still taking medication.

26.

Due to severe muscle spasms and numbness in his legs, Mr. Matthews took time off during the day to visit his doctor, but he returned to work immediately afterwards because he knew that his department would be short handed.

27.

During the time Mr. Matthews was out, there were some files that were part of his procedure that did not get downloaded, and an analyst called Mr. Matthew's after he had left for the day to explain the problems. Despite being in pain, Mr. Matthew's worked with the analyst to correct the problems.

28.

On January 29, 2002, Mr. Matthew was terminated for progressive disciplinary violations issued against him on 02/9/99, 5/1/01 and 10/19/01.

29.

Mr. Matthews was allegedly terminated because he failed to follow procedures. However, Mr. Matthew was discriminated against on the basis of his race.

30.

On October 14, 2001, management at AFLAC notified all employees in Mr. Matthews department that they would be given a clean slate for any prior procedural inconsistencies.

31.

Mr. Matthews was terminated due to the written statement issued against him on February 9, 1999, May 1, 2001, and October 14, 2001, despite all these incidents being prior to October 14, 2001.

32.

Mr. Matthews was not given a clean slate and was treated less favorably than other similarly situated non-African American employees in his department.

33.

Mr. Matthews was treated differently than other non-African American employees because he was singled out and removed to an isolated area, which hampered his ability to perform his job responsibilities.

34.

Mr. Matthews was never given an opportunity to meet with management to discuss any procedural inconsistencies. Therefore, Mr. Matthews was treated differently in comparison to other non-

African American in his department.

35.

Plaintiff was terminated based upon his race.

36.

Plaintiff has suffered lost wages and benefits as a direct result of Defendants' conduct.

37.

Plaintiff has also suffered emotional distress, embarrassment and humiliation.

38.

The Defendants' racially discriminatory actions as described above were wilful, wanton and based upon a total disregard for Plaintiff's federally protected rights, entitling Plaintiff to general damages and punitive damages against the Defendant.

## V. CLAIMS FOR RELIEF

### COUNT I: 42 U.S.C. § 1981 ("Race")

39.

Plaintiff incorporates by reference paragraphs 1 - 38 of his Complaint, as if fully set forth herein.

40.

The conduct of Defendant constitutes unlawful race

discrimination.

41.

The discriminatory conduct outlined above was taken against Plaintiff because he is African American and constitutes a violation of 42 U.S.C. § 1981.

## COUNT II: 42 U.S.C. § 1981
### ("Retaliation")

42.

Plaintiff incorporates by reference paragraphs 1 - 41 of his Complaint, as if fully set forth herein.

43.

The conduct of Defendant constitutes unlawful race discrimination.

## COUNT III: 42 U.S.C. § 2000(e-2)
### ("Disparate Treatment")

44.

Plaintiff incorporates by reference paragraphs 1 - 43 of his Complaint, as if fully set forth herein.

45.

The conduct of Defendant in singling out Plaintiff and treating him less favorably constitutes unlawful race discrimination.

46.

The discriminatory conduct outlined above was taken against the Plaintiff because he is African American, and constitutes a violation of 42 U.S.C. § 2000(e-2).

**COUNT III: 29 U.S.C. §§ 2601, <u>et. seq</u>.**
**<u>VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT</u>**

47.

Plaintiff incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 - 46.

48.

Defendants adversely impacted the Plaintiff's terms and conditions of employment in retaliation for his exercise of rights protected under the FMLA.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Individual and systemic injunctive relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted, this 28 day of May, 2002.

MELVILLE JOHNSON, P.C.

*/s/ Christopher D. Vaughn*
Christopher D. Vaughn
Georgia Bar No. 726226

44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303
Plaintiff
P-(404) 524-9111
F-(404) 524-6611

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 110A201466 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. William A. Matthews | (706) 596-1914 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| P. O. Box 3382, Phenix City, AL 36868 | | 03/22/1964 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| A F L A C | Cat D (501 +) | (706) 317-2802 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1932 Wynton Road, Columbus, GA 31999 | | 215 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*:

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 05/01/2001    LATEST: 01/29/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I. I was employed by the above named company in August 1989. My last position was a Production Analyst I. On May 1, 2001 and thereafter, I was counseled, written up, and suspended regarding my work performance. On January 29, 2002, I was terminated.

II. I can only conclude that I was subjected to the above treatment, because of my race (black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 2/04/02    *Willie A. Matts* (Charging Party Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev 07/99)

**CHARGING PARTY COPY**

EEOC Form 161-B (10/96)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Mr. William A. Matthews<br>P. O. Box 3382<br>Phenix City, Georgia 36868 | Equal Employment Opportunity Commission<br>100 Alabama Street, SW<br>Suite 4R30<br>Atlanta, GA 30303 |

[ ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 110A201466 | Terryl Lawrence-Walton, Investigator | (404) 562-6836 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     FEB 27 2002

Bernice Williams-Kimbrough                    *(Date Mailed)*
Director
Atlanta District Office

Enclosure(s)

cc:  AFLAC